# Bosman Law, L.L.C

3000 McConnellsville Road
Blossvale, New York 13308

A.J. Bosman, Esq.  
Robert J. Strum, Esq.  
T. Padric Moore, Esq., of Counsel

Telephone: (315) 820-4417  
Facsimile:   (315) 820-4449(*)  
(*) Service by facsimile or email not accepted

April 4, 2023

<u>VIA CM/ECF</u>
Hon. Therese Wiley Dancks
U.S. District Court
100 S. Clinton Street
Syracuse, NY 13261-7367

        RE:    Beauchine v. City of Syracuse, et al.
                  Case No. 5:21-cv-00845-BKS-TWD

Dear Judge Dancks:

      This firm represents Plaintiff Alison Beauchine in the above-referenced matter.

      Please accept this Letter Brief in support of Plaintiff's request for discovery, per Your Honor's Text Order of March 27, 2023.

      Plaintiff is seeking records involving Police Officer (now Sergeant) Carlos Romain. The parties have been unable to agree with respect to the release of certain records involving this comparator officer (a Black male who was promoted over Plaintiff).

      Upon information and belief, in or about 2010, officers reported that Officer Romain was a danger to himself and others. In response, Officer Romain was ordered to undergo a Civil Service Law Section 72 evaluation. These records are responsive to Plaintiff's document demands. Defendants have produced an April 8, 2010 letter generated by then-Deputy Chief David Barrette invoking Section 72 and requesting a psychological examination of Officer Romain. No other documents relative to that request have been provided. Additionally, we are aware of an incident in 2016 involving Officer Romain for which his actions were the subject of an internal investigation into Officer Romain's discharge of a firearm. Upon information and belief, several officers viewed video footage of this incident and provided memoranda in connection therewith. Defendants have not produced any material relating to the 2016 incident. At some point after the request for a Section 72 evaluation, Officer Romain was removed from patrol and re-assigned to work in the Municipal Enforcement Bureau of the Community

Relations Division of the Department[1].

Defendants have objected to production of records relating to the above-referenced events based on the officer's privacy interests and relevance. We do not agree with Defendants' position and submit that the requested records are relevant and discoverable in this discrimination case. There is a Confidentiality Stipulation and Protective Order in this case which adequately serves to protect Officer Romain's privacy interests. Additionally, Defendants have already produced medical documentation involving other officers, suggesting that their stated concern over "privacy interests" is nothing more than an effort to withhold relevant evidence from Plaintiff. Defendants not only objected and are withholding production of the Section 72 evaluation itself, but further refused to produce the related memoranda from other officers detailing Romain's erratic behavior for which no valid privacy interest or privilege applies. Additionally, Defendants have objected to production of any material related to the 2016 incident. In her letter of March 16, 2023, attached as Exhibit B, Defense counsel relied on the Americans with Disabilities Act (ADA) to oppose Plaintiff's demand. However, Defendants have not cited any specific provision of the ADA. We are unaware of any provision that would block the disclosure of the records sought, particularly in light of the Confidentiality Stipulation and Protective Order.

As to relevance, Officer Romain is a comparator to Plaintiff. Officer Romain, a Black male, was promoted over her in spite of his background. He was not made to return to patrol, as was required of Plaintiff, to be considered for promotion.

While Defendants claim that they were unaware of the Section 72 evaluation or any of Officer Romain's history involving allegations of unfitness, that is a disputed issue of fact. Upon information and belief, Captain Steven Lynch raised the issue at a meeting with the Chiefs before Officer Romain was promoted and that his concerns were dismissed by Deputy Chief Trudell. In her March 16, 2023 letter, Defendants' counsel stated, with respect to Officer Romain's personnel file, "[g]iven the confidential nature of these documents, they were not relied upon for any promotional decision and therefore are not relevant to the claims or defenses in this litigation." In contrast, Defendant Buckner, at his deposition, stated that Plaintiff's disability (PTSD) was the reason behind his non-selection of Plaintiff for promotion. As such, the records pertaining to Officer Romain are evidence of disparate treatment. The records will reveal that Defendants treated Officer Romain's background differently than they treated Plaiintiff's in connection with the promotional decisions.

Disclosure of non-party employee records in discrimination cases is routine. See Barella v. Vill. of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013); Cody v. New York State Division of Police, No. CV 07-3735, 2008 U.S. Dist. LEXIS 59095, *11-12 (E.D.N.Y. Jul. 31, 2008) (citing Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 523 (S.D.N.Y. 1998)). Courts

---

[1]To the extent the Court finds that Plaintiff's recitation of the incidents lacking in specificity, we are unable to provide the Court with further details regarding either incident because Defendants have not produced the requested documentation.

within the Second Circuit regularly permit discovery of employee files and complaints in employment discrimination matters. See Chen-Oster v. Goldman, Sachs & Co., 239 F.R.D. 557, 568 (S.D.N.Y. 2013) (ordering production of "all internal complaints that are 'conceivably related' to gender discrimination" in the relevant divisions). Plaintiff is not required, at the discovery stage, to demonstrate that the officers whose files are sought are "similarly situated" to her. See Fiore v. Town of Whitestown, et al., N.D.N.Y., 6:07-CV-797, Dkt. No. 62. As to privacy concerns, the Chen-Oster court recognized that an employer's interest in the privacy of employee files is not absolute. Id. at 565 (citing Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 625 (allowing strict confidentiality of employee personnel files would encourage "every private employer accused of employment discrimination in federal court ... [to] seek to have the names of any involved non-party employees redacted from its court filings")); Sperling v. Harman Int'l Indus., Inc., 2011 WL 4344165, at *2 (E.D.N.Y. 2011). Defendants' privacy concerns are best addressed by the Confidentiality Stipulation and Protective Order in place that can "adequately balance" the employees' privacy interests with Plaintiff's discovery interests. See id. at 566. (citing Artis v. Deere & Co., 276 F.R.D. 348, 352-53 (N.D. Cal. 2011); Dzanis v. JPMorgan Chase & Co., 2011 WL 5979650, at *2 (S.D.N.Y. 2011); Babbitt v. Albertson's, Inc., 1992 WL 605652, at *6 (N.D. Cal. 1992)); Sperling, 2011 WL 4344165, at *2.

Plaintiff's counsel has engaged Defendants' counsel in a good faith effort to secure this discovery, including sending the enclosed March 7, 2023 letter (Exhibit A). Defendants responded by letter of March 16, 2023 affirming their position (Exhibit B). Finally, on March 23, 2023, counsel discussed the discovery dispute in-person and were unable to resolve same.

In sum, for the above stated reasons, the Court should order Defendants to produce (1) all memoranda submitted by officers that promoted the Section 72 evaluation of Officer Romain; (2) any and all documents generated as a result of said evaluation; and (3) any and all materials, including the video, of the 2016 incident involving Officer Romain.

Finally, please accept this letter as the required update as to the status of re-scheduling Defendant Cecile's deposition. The parties have not yet confirmed a date for the continuation of this examination, but plan to complete it within the deadline currently in place. Plaintiff has offered April 24, 25, and 28 as available dates. We apologize for the delay in updating the Court. In addition to Ms. Bosman being out on medical leave, we have had staff absent due to unexpected family medical emergencies and illness.

Thank you for your continued attention and consideration in this matter.

                                                Respectfully,
                                                Bosman Law, L.L.C.

                                                s/ Robert Strum
                                                Robert Strum, Esq.

cc: All CM/ECF Recipients